## United States District Court
## Central District of California
### SENTENCING

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  **CR 11-218 ABC** |
| **Defendant**  Juan Ramirez (2) | Social Security No.  **6  4  4  2** |
| akas: Affiliation, Venice Gonzalez, Jesus Ramirez, Juan Garcia Ruiz, Jesus Snoopy | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.    MONTH **04**   DAY **30**   YEAR **12**

**COUNSEL**    Matthew Lombard, CJA
(Name of Counsel)

**PLEA**  ☑ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Attempting to Provide Contraband to an Inmate 18:179(a)(1)(b)(1)(B): as charged in the Count 3 of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

All fines are waived as it is found that such sanction would place an undue burden on the defendant's dependents.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Juan Ramirez, is hereby placed on **Probation for (5) five years** on Count 3 of the Indictment.

Probation to be served under the following terms and conditions:

1. Defendant shall reside for a period of (8) eight months in a Residential Reentry Center (RRC) with (community corrections component).

2. Defendant shall perform 200 hours of community service as directed by the Probation Officer.

3. The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 05-02.

USA vs.   Juan Ramirez (2)                                                      Docket No.:   CR 11-218 ABC

4. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days while on probation at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

5. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

6. Defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other that the defendant's true and legal name, nor shall the defendant use, for any purpose or in any manner, any name other that his true legal name or names without the prior written approval of the Probation Officer.

7. Defendant shall cooperate in the collection of a DNA sample from the defendant

8. Defendant may not associate with anyone known to him to be Venice 13 gang member and others known to him to be participants in the Venice 13 gang's criminal activities, with the exception of this family members. He may not war, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the Venice 13 gang, and may not display any signs or gestures that defendant knows evidence affiliation with the Venice 13 gang.

9. As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the Venice 13 gang meet and/or assemble.

Defendant informed of right to appeal. Defendant waives right to appeal.

Bond exonerated. Passport ordered to be returned to defendant's attorney upon exoneration.

| | | | |
|---|---|---|---|
| USA vs.   Juan Ramirez (2) | | Docket No.: | CR 11-218 ABC |

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| May 1, 2012 | *Audrey B. Collins* |
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | | |
|---|---|---|
| 5/1/2012 | By | A. Bridges |
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

USA vs.   Juan Ramirez (2)                                         Docket No.:   CR 11-218 ABC

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

Case 2:11-cr-00218-JFW   Document 89   Filed 05/01/12   Page 5 of 8   Page ID #:356

USA vs.   Juan Ramirez (2)                                    Docket No.:   CR 11-218 ABC

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

| USA vs. | Juan Ramirez (2) | Docket No.: | CR 11-218 ABC |
|---|---|---|---|

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By  _____
Date                   Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By  _____
Filed Date              Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

| | |
|---|---|
| USA vs.  Juan Ramirez (2) | Docket No.:  CR 11-218 ABC |

    These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)_____    _____
                Defendant                                                    Date

_____    _____
U. S. Probation Officer/Designated Witness               Date

# NOTICE PARTY SERVICE LIST

**Case No.** _____  **Case Title** _____

**Title of Document** _____

| | | | | |
|---|---|---|---|---|
| ☐ | ADR | | ☐ | US Attorneys Office - Civil Division -L.A. |
| ☐ | BAP (Bankruptcy Appellate Panel) | | ☐ | US Attorneys Office - Civil Division - S.A. |
| ☐ | BOP (Bureau of Prisons) | | ☐ | US Attorneys Office - Criminal Division -L.A. |
| ☐ | CA St Pub Defender (Calif. State PD) | | ☐ | US Attorneys Office - Criminal Division -S.A. |
| ☐ | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | ☐ | US Bankruptcy Court |
| ☐ | Case Asgmt Admin (Case Assignment Administrator) | | ☐ | US Marshal Service - Los Angeles (USMLA) |
| ☐ | Chief Deputy Admin | | ☐ | US Marshal Service - Riverside (USMED) |
| ☐ | Chief Deputy Ops | | ☐ | US Marshal Service -Santa Ana (USMSA) |
| ☐ | Clerk of Court | | ☐ | US Probation Office (USPO) |
| ☐ | Death Penalty H/C (Law Clerks) | | ☐ | US Trustee's Office |
| ☐ | Dep In Chg E Div | | ☐ | Warden, San Quentin State Prison, CA |
| ☐ | Dep In Chg So Div | | | |
| ☐ | Federal Public Defender | | | |
| ☐ | Fiscal Section | | | |
| ☐ | Intake Section, Criminal LA | | | |
| ☐ | Intake Section, Criminal SA | | | |
| ☐ | Intake Supervisor, Civil | | | |
| ☐ | MDL Panel | | | |
| ☐ | Ninth Circuit Court of Appeal | | | |
| ☐ | PIA Clerk - Los Angeles (PIALA) | | | |
| ☐ | PIA Clerk - Riverside (PIAED) | | | |
| ☐ | PIA Clerk - Santa Ana (PIASA) | | | |
| ☐ | PSA - Los Angeles (PSALA) | | | |
| ☐ | PSA - Riverside (PSAED) | | | |
| ☐ | PSA - Santa Ana (PSASA) | | | |
| ☐ | Schnack, Randall (CJA Supervising Attorney) | | | |
| ☐ | Statistics Clerk | | | |

☐ *ADD NEW NOTICE PARTY*
*(if sending by fax, mailing address must also be provided)*

Name: _____

Firm: _____

Address (*include suite or floor*): _____

_____

_____

*E-mail: _____

*Fax No.: _____

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

_____

_____

_____

_____

**Initials of Deputy Clerk** _____